IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:97CR344

MICHAEL ANGELO LOISEAU,

   Petitioner.

**MEMORANDUM OPINION**

Michael Angelo Loiseau, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF Nos. 100, 100-1.)[1] The Government has moved to dismiss on the ground that the statute of limitations bars the § 2255 Motion. (ECF No. 105.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

On December 22, 1997, Loiseau pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. (See Presentence Investigation Report 1, ECF No. 95.) On March 6, 1998, the Court entered judgment against Loiseau and sentenced

---

[1] The Court notes that Loiseau has interspersed various documents with his § 2255 Motion which were docketed as two separate filings. (See ECF Nos. 100, 100-1.) The Court utilizes the pagination assigned by the CM/ECF docketing system to Loiseau's submissions.

him to 292 months of imprisonment and a five-year term of supervised release. (ECF No. 34.)

On July 12, 2010, Loiseau pled guilty to violating the terms and conditions of his supervised release. (ECF No. 65.) By Order entered on July 14, 2010, the Court revoked Loiseau's supervised release and imposed a forty-six-month term of imprisonment to be served consecutive to a state sentence imposed upon Loiseau by the Circuit Court for the County of Spotsylvania. See Loiseau v. United States, No. 3:15CV417, 2016 WL 5019165, at *1 (E.D. Va. Sept. 16, 2016) (citation omitted). Loiseau appealed. On May 6, 2011, the United States Court of Appeals for the Fourth Circuit affirmed the revocation of Loiseau's supervised release and the imposition of the forty-six-month sentence. United States v. Loiseau, 429 F. App'x 210, 213 (4th Cir. 2011).

On July 9, 2015, the Court received from Loiseau a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition") challenging the revocation of his supervised release and the forty-six month sentence. Loiseau, 2016 WL 5019165, at *1 (citation omitted). By Memorandum Opinion and Order entered on September 16, 2016, the Court dismissed Loiseau's § 2241 Petition "without prejudice to Loiseau's pursuit of a 28 U.S.C. § 2255 motion." Id. at *1-2.

On October 17, 2016, Loiseau executed and placed his § 2255 Motion in the prison mail system for transmission to this Court. (§ 2255 Mot. 51.)[2] The Court deems the § 2255 Motion filed as of this date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

From what the Court can discern, in his § 2255 Motion, Loiseau challenges the revocation of his supervised release and the imposition of the forty-six month sentence. (§ 2255 Mot. 2.) Instead of identifying claims in his § 2255 Motion, Loiseau directs the Court to the § 2241 Petition he previously filed. (See ECF No. 100-1, at 43-47.) For example, as his Ground One in his § 2255 Motion, Loiseau states "[s]ee . . . in the attached § 2241 habeas corpus petition . . . ." (Id. at 43.) Therefore, the Court construes Loiseau to raise the same claims that he did in his § 2241 Petition. Specifically, Loiseau asserts entitlement to relief upon the following grounds:

> Claim One: "The Petitioner was denied his Sixth Amend[ment[3]] right to counsel upon his appearance in [the] U.S. District Court on August 17, 2009 for revocation of [his] supervised release." (Id. at 18.)

---

[2] The Court corrects the spelling and capitalization in the quotations from Loiseau's submissions.

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

3

Claim Two: "The Petitioner claims that he was denied his Sixth Amendment[4] right to a speedy supervised release revocation review/hearing." (Id. at 19.)

Claim Three: "The U.S. Dist[rict Court] violated the Interstate Agreement on Detainers Act[] when Loiseau was removed from state jurisdiction and brought before the Dist[rict Court] under a U.S. Marshal detainer and thereafter returned to state custody for 11 months, and then brought back to federal jurisdiction." (Id.)

Claim Four: "The District Court abused its discretion and violated Petitioner's right to due process upon the revocation of supervised release, where the initial cause of the accusation, conspiracy to distribute (state), was quashed and the cause of the revocation was not amended, nor process reissued for the new offense of drug kingpin proceeded upon after amend[ment] or reissuance." (Id. at 22.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

---

[4] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

4

>           removed, if the movant was prevented
>           from making a motion by such
>           governmental action;
>       (3) the date on which the right asserted
>           was initially recognized by the Supreme
>           Court, if that right has been newly
>           recognized by the Supreme Court and
>           made retroactively applicable to cases
>           on collateral review; or
>       (4) the date on which the facts supporting
>           the claim or claims presented could
>           have been discovered through the
>           exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), a revocation of supervised release becomes "final" upon the expiration of the time to seek direct review. See Clay v. United States, 537 U.S. 522, 527-28 (2003); United States v. Moxley, No. 3:99CR285-HEH, 2017 WL 5195870, at *1-2 (E.D. Va. Nov. 9, 2017) (applying § 2255(f)(1) to revocations of supervised release). Here, Loiseau appealed the revocation of his supervised release and the imposition of the forty-six-month sentence to the Fourth Circuit, which affirmed both on May 6, 2011. United States v. Loiseau, 429 F. App'x 210, 213 (4th Cir. 2011). Therefore, Loiseau's revocation became final on Thursday, August 4, 2011, the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. See Clay, 537 U.S. at 527-28; Villa-Benitez v. United States, No. 3:06-CR-442-RJC-1, 2015 WL 8485268, at *2 (W.D.N.C. Dec. 8, 2015)(concluding habeas petitioner's conviction became final when time expired to seek direct review

5

of the Court's order revoking his supervised release and sentencing him to time in prison). Accordingly, Loiseau was required to file his § 2255 Motion by Monday, August 6, 2012. Because Loiseau did not file his § 2255 Motion until October 17, 2016, the § 2255 Motion is barred by the relevant statute of limitations.

Loiseau argues that his § 2255 Motion is timely because:

> I am not challenging a judgment of conviction, I am challenging a revocation of my supervised release. I filed a § 2241 habeas corpus petition and the petition was dismissed without prejudice to my right to file a § 2255 motion. . . . Therefore, this § 2255 motion is presumed to be timely and properly filed and is not barred by the one year statute of limitations.

(ECF No. 100-1, at 49.)

The Court fails to discern why Loiseau's § 2255 Motion would be timely based on this statement. The Court is well aware that Loiseau is challenging the revocation of his supervised release, and that challenge is untimely. Moreover, although the Court previously dismissed Loiseau's § 2241 Petition "without prejudice to Loiseau's pursuit of a 28 U.S.C. § 2255 motion," Loiseau, 2016 WL 5019165, at *1 (citation omitted), this does not provide a presumption of timeliness for Loiseau's § 2255 Motion. A habeas petitioner may only evade 28 U.S.C. § 2255(f)'s strict one-year statute of limitations by demonstrating entitlement to a belated commencement of the limitations period, equitable tolling of the limitations period,

or a fundamental miscarriage of justice. See 28 U.S.C. §§ 2255(f)(2)-(4); Holland v. Florida, 560 U.S. 631, 645, (2010); McQuiggin v. Perkins, 569 U.S. 383, 394 (2013). Loiseau offers no argument as to why his § 2255 Motion should be subject to the belated commencement provisions of 28 U.S.C. § 2255(f), or equitable tolling, and he fails to demonstrate any miscarriage of justice. Accordingly, the statute of limitations bars Loiseau's § 2255 Motion.

### III. CONCLUSION

For the foregoing reasons, Loiseau's § 2255 Motion (ECF No. 100) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Loiseau and counsel for the Government.

It is so ORDERED.

Date: May 9, 2018
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge