IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:97CR344

MICHAEL ANGELO LOISEAU,

    Petitioner.

## MEMORANDUM OPINION

Michael Angelo Loiseau, a federal prisoner proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 100, 100-1). By Memorandum Opinion and Order entered on May 8, 2018, the Court denied Loiseau's § 2255 Motion because it was barred by the applicable one-year statute of limitations. United States v. Loiseau, No. 3:97CR344, 2018 WL 2124092, at *1-3 (E.D. Va. May 8, 2018). On May 31, 2018, Loiseau filed a PRO SE MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 109).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Loiseau argues that the Court should alter or amend the judgment "in order to correct manifest errors of law and fact." (Rule 59(e) Mot. 1.) Loiseau also indicates that he "addresses some, but not all, of the grounds in his original petition." (Id.) To the extent that Loiseau reargues the claims from his § 2255 Motion, he fails to demonstrate any entitlement to relief under Rule 59(e) because the Court dismissed his § 2255 Motion as barred by the statute of limitations.

Loiseau includes a section that purportedly addresses the Court's conclusion that his § 2255 is untimely. Loiseau's arguments make little sense, but seem to take issue with the fact that he is unable to obtain relief at this juncture under § 2255. Loiseau contends that

> the revocation of supervised release are collateral to the conviction and sentence. Therefore, § 2255(f)(1) cannot be used to bar a merits determination of Loiseau's claims. The District Court has outright attempted to draw Loiseau into a trap by granting him a right to file a § 2255 motion only to raise statutory bar against him where in fact Loiseau had properly challenged the execution of his five-year

> sentence in the initial [28 U.S.C.] § 2241 habeas corpus petition.

(Rule 59(e) Mot. 4 (punctuation and spelling corrected).) The Court certainly did not "trap" Loiseau. Rather, as explained in the May 8, 2018 Memorandum Order, the Court previously informed Loiseau that § 2241 was not the appropriate mechanism to present his challenges to the revocation of supervised release and the resulting forty-six-month sentence. See Loiseau, 2018 WL 2124092, at *1, *3 (E.D. Va. May 8, 2018). Simply because the Court informed Loiseau that he could pursue a § 2255 motion, did not mean that it would not be subject to the restrictions inherent in that statute. Loiseau fails to demonstrate that the dismissal of his action rested upon a clear error of law or that vacating that dismissal is necessary to prevent a manifest injustice. Loiseau's § 2255 Motion, filed more than four years late, is barred by the statute of limitations. Accordingly, Loiseau's Rule 59(e) Motion (ECF No. 109) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Loiseau and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Date: September 18, 2018
Senior United States District Judge
Richmond, Virginia